# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Manuel Cuen, as surviving son of Armida Herrera; et al., <br><br> Plaintiffs, <br><br> v. <br><br> United States of America, et al., <br><br> Defendants. | CV 15-302 TUC DCB <br><br><br> **ORDER** |

      Plaintiffs filed this action in state court, and on July 15, 2015, the Defendant, the United States of America, removed it to federal court. (Notice of Removal (Doc. 1)). "Pursuant to 42 U.S.C. § 233(c), upon certification by the Attorney General that a defendant was acting within the scope of deemed federal employment at the time of the incident out of which the claim arose, any civil action commenced upon a claim for damages for personal injury or death resulting from medical or related functions in a state court shall be removed without bond at any time before trial to the district court of the United States for the district and division where the action is pending and shall be deemed a tort action against the United States under 28 U.S.C. § 2679(d)." (Notice (Doc. 1) ¶ 5.) "The agreement of all defendants is not necessary for removal by a federal defendant." *Id.* (quoting *Ely Valley Mines, Inc. v. Hartford Accident & Indem. Co.*, 644 F.2d 1310, 1315 (9th Cir. 1981)). "Upon filing of such a notice of removal, the entire case is removed even if the removing defendant is the only federal party." *Id.*

      Subsequently, the United States of America substituted in place of Defendants El Rio Santa Cruz Neighborhood Health Center, Inc., (El Rio Clinic) and J. Manuel Arreguin, M.D.

1  (Dr. Arreguin).  And, on July 24, 2015, the United States of America filed a Motion to
2  Dismiss for Lack of Subject Matter Jurisdiction.  Plaintiffs did not file a Response.  Instead,
3  on September 9, 2015, Plaintiffs filed a Motion for Status Conference.  It appears from both
4  briefs that this case is subject to dismissal for lack of subject matter jurisdiction.

5          The Federal Tort Claims Act (FTCA) provides the exclusive remedy for Plaintiffs'
6  claims against the federal actors.  28 U.S.C. § 1315.  The FTCA is a limited waiver of
7  sovereign immunity, *Brady v. United States*, 211 F.3d 499, 503 (9th Cir. 2000), which
8  subject to certain limitations, allows actions against the United States.  One limitation is that
9  "[a]n action shall not be instituted … unless the claimant shall have first presented the claim
10 to the appropriate Federal agency and his claim shall have been finally denied by the agency
11 in writing and sent by certified or registered mail."  28 U.S.C. § 2675(a).  Administrative
12 exhaustion is a jurisdictional prerequisite to filing an FTCA suit.  *McNeil v. United States*,
13 508 U.S. 106, 113 (1993); *Brady*, 211 F.3d at 502. "The Supreme Court has made it clear that
14 an agency action must have been filed and a final denial obtained before a suit on the claim
15 may be filed such that, even if the agency denial is obtained during a pending court action
16 on the claim, the court lacks subject matter jurisdiction and the action should be dismissed."
17 (Motion (Doc. 5) at 2-3) (citing *McNeil*, 508 U.S. at 112-113).

18         This case must be dismissed for lack of subject matter jurisdiction as to the federal
19 defendants, leaving only the Defendants charged under state law.  The Court has discretion
20 to retain jurisdiction or remand the case to state court.  *See Acri v. Varian Assoc., Inc.*, 114
21 F.3d 999, 1000 (9th Cir.1997) (en banc) (recognizing discretionary nature of 28 U.S.C. §
22 1367(c) and observing that "a federal district court with power to hear state law claims has
23 discretion to keep, or decline to keep, them under the conditions set out in § 1367(c)"). The
24 Court considers the interests of judicial economy and convenience to the parties depending
25 on the juncture of the claims.  Here, the Court has not expended judicial resources or
26 resolved any substantive issues in the case.  *Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343,

2

350–51 (2010); *Satey v. JPMorgan Chase & Co.*, 521 F.3d 1087, 1091 (9th Cir. 2008). The Court remands the case to the state court.

**Accordingly,**

**IT IS ORDERED** that the Motion to Dismiss (Doc. 5) is GRANTED, dismissing the federal Defendants: El Rio Clinic and Dr. Arreguin.

**IT IS FURTHER ORDERED** that the Motion for Status Conference (Doc. 8) is DENIED AS MOOT.

**IT IS FURTHER ORDERED** that this case is remanded to the Superior Court of Arizona Pima County.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall forward a copy of this Order to the Clerk of the Court to be filed in the Superior Court of Arizona, Case No. C20146643.

DATED this 7th day of October, 2015.

David C. Bury
United States District Judge

3